```
                                                              FILED
                                                    13th JUDICIAL DISTRICT COURT
                                                          Sandoval County
                                                          6/8/2020 8:54 PM
STATE OF NEW MEXICO                                       AUDREY GARCIA
COUNTY OF SANDOVAL                                       CLERK OF THE COURT
THIRTEENTH JUDICIAL DISTRICT COURT                         MaryAnn Lowe
```

TIMOTHY LETT,

      Plaintiff,

vs.                                   NO.  D-1329-CV-2020-00966

CITY OF RIO RANCHO and
JOHN ROSKOS, Personally and in his Official Capacity,

      Defendants.

**COMPLAINT FOR DAMAGES FOR PERSONAL INJURY
IN VIOLATION OF FEDERAL AND STATE LAW**

COMES NOW, the Plaintiff Timothy Lett, by and through his attorneys of record, the Law Office of Augustine M. Rodriguez, L.L.C., (Augustine M. Rodriguez, Esq.), and for his Complaint For Personal Injury in Violation of Federal and State Law [Hereinafter referred to as "Complaint"], states as follows:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction over the subject matter of Plaintiff's complaint under 28 U.S.C. §§ 1331, 42 U.S.C. §§ 1983 and 1988, the New Mexico Tort Claims Act, N.M.Stat. Ann. §41-4-1, *et seq*.

2.    The actions complained of in the Complaint occurred within New Mexico and therefore venue is proper in this judicial district.

3.    The actions complained of occurred within two years of the date of filing of this lawsuit.

**EXHIBIT 1**

## PARTIES

4. The Plaintiff Timothy Lett, at all times material to the allegations of this Complaint, was a resident of Bernalillo County, New Mexico.

5. Upon information and belief, the Defendant John Roskos, a City of Rio Rancho Police Department Officer is a resident of Sandoval County, New Mexico.

6. Upon information and belief, the Defendant City of Rio Rancho manages the Rio Rancho Police Department, was and is a local public body, organized under the Laws of the State of New Mexico, and is considered to be a resident of Sandoval County, New Mexico.

7. Upon information and belief, the Defendant City of Rio Rancho, was and is a local public body, organized under the Laws of the State of New Mexico, and is considered to be a resident of Bernalillo County, New Mexico.

8. All Defendants are "persons" within the meaning of 42 U.S.C. § 1983.

## FACTS COMMON TO ALL COUNTS

9. The Plaintiff Timothy Lett, hereby incorporate by reference the allegations stated in paragraphs 1-8, *supra.*, as if fully stated herein.

10. All allegations herewith are made against Defendant Officer John Roskos and the matter happened in Albuquerque, Bernalillo County, State of New Mexico.

11. Defendant Officer John Roskos was patrolling in an unmarked police unit, which only has ghost marking that are not visible at night.

12. Defendant Officer John Roskos failed to identify himself as a police officer and immediately used excessive force by spraying Timothy Lett with pepper spray in the face.

13. Defendant Officer John Roskos trespassed into private property without a warrant

and was not in "hot pursuit."

14. Defendant Officer John Roskos used excessive force by grabbing Timothy Lett by the shirt and dragging him backwards choking him and causing Defendant Officer John Roskos to fall while on private property.

15. Defendant City of Rio Rancho Police Department is a governmental entity as defined in the New Mexico Tort Claims Act, NMSA 1978, §§ 41-4-1 et seq., (1976) constituting a Department of the State of New Mexico.

16. Defendant City of Rio Rancho is a governmental entity as defined in the New Mexico Tort Claims Act, NMSA 1978, §§ 41-4-1 et seq., (1976) constituting a Department of the State of New Mexico.

17. Defendant John Roskos is a law enforcement officer for the City of Rio Rancho Police Department for the City of Rio Rancho, Sandoval County, New Mexico, at all material times hereto, and he is being sued as a law enforcement officer for the City of Rio Rancho and in his individual capacity.

## FIRST CAUSE OF ACTION
## 42 U.S.C. § 1983
## FOURTH AND FOURTEENTH AMENDMENT
## (UNREASONABLE SEARCH AND SEIZURE)

18. Plaintiff incorporates herein by reference the foregoing allegations in the above Paragraphs as though the same were set forth in full below.

19. That as a direct and proximate result of the above-referenced unlawful and malicious physical abuse of Plaintiff, by Defendant Roskos, and negligent supervision by his superior officers, committed under color of law and under their authority as a City of Rio Rancho Police Officer, Plaintiff suffered grievous bodily harm and were deprived of their right to be

secure in their person against unreasonable seizure of their person, in violation of the Fourth and Fourteenth Amendments and cruel and unusual punishment in contravention to the Eighth Amendment of the Constitution of the United States of America.

20. That as a direct and proximate result of the malice and outrageous conduct of Defendant Roskos, as set forth above, Plaintiff suffered severe injuries and damages including severe bruises, contusions and abrasions on his neck and face and on his head and inverted t wave on ecg. Plaintiff was rendered weak, stiff, sore causing great physical pain and anguish, fear and consternation. Additionally, Plaintiff has suffered severe emotional distress causing post-traumatic stress disorder and damages in the form of medical expenses and will suffer additional damages in the future in an amount which cannot yet be determined.

21. That the deliberate indifferent acts of Defendants, described *supra.*, were the direct and proximate result of Plaintiff's injuries, for which Plaintiff is entitled to recover compensatory, and special damages, in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
## 42 U.S.C. § 1983
## FOURTEENTH AMENDMENT
## (DEPRIVATION OF LIBERTY)

22. Plaintiff incorporate herein by reference the foregoing allegations in the above Paragraphs as though the same were set forth in full below.

23. That upon information and belief, the Defendants violated Plaintiff's constitutional rights by a custom or policy of failure to provide adequate training and supervision, which policy was either unconstitutional on its face or as applied or enforced.

24. That upon information and belief, the Defendants failure to train and supervise, created a substantial risk of danger, including the risk of injury to Plaintiff.

25. That this failure to train and to supervise its employees and others in how to respond to such situations, so obviously presented a risk of substantial injury to the general public, including Plaintiff, that the Defendants knowledge of its failure to train and to supervise constituted deliberate indifference to the Plaintiff.

26. That as a direct and proximate result of the Defendants wrongful acts and failures to act, Plaintiff suffered substantial injury.

27. That Plaintiff is entitled to recover compensatory, and special damages, in an amount to be proven at trial.

## THIRD CAUSE OF ACTION
## 42 U.S.C. § 1983
## FOURTH AND FOURTEENTH AMENDMENT
## (DUE PROCESS)

28. Plaintiff incorporates herein by reference the foregoing allegations in the above Paragraphs as though the same were set forth in full below.

29. That Plaintiff had a constitutionally protected right under the Due Process Clause of the Fourteenth Amendment to the United States Constitution not to be deprived of their liberty without due process of law.

30. That under the Fourteenth Amendment to the U.S. Constitution, Plaintiff had a constitutionally protected right not to be arrested without probable cause.

31. That the Defendant City of Rio Rancho and City of Rio Rancho Police Department is responsible under a theory of *respondeat superior* for the acts and failures to act of Defendant Roskos for which immunity is waived under the New Mexico Tort Claims Act.

32. That the deliberately indifferent acts of Defendants, described *supra.*, were the direct and proximate result of substantial injuries to Plaintiff, for which Plaintiff is entitled to

recover compensatory, and special damages, in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION
## N.M. TORT CLAIMS ACT
## § 41-4-12

33.     Plaintiffs incorporate herein by reference the foregoing allegations in the above Paragraphs as though the same were set forth in full below.

34.     That the New Mexico Tort Claims Act, N.M.Stat.Ann. §41-4-1 *et seq.*, waives the immunity from suit of public employees who are law enforcement officers who commit intentional torts or negligence and other acts set forth in §41-4-12.

35.     That the intentional torts for which immunity is waived include assault and battery and violations of the New Mexico Constitution and negligence.

36.     That the acts and failures to act of Defendants set forth above constitute assault and battery.

37.     That the Defendant City of Rio Rancho is responsible under a theory of *respondeat superior* for the acts and failures to act of Defendant Roskos for which immunity is waived under the New Mexico Tort Claims Act.

38.     That the Plaintiff was injured as a direct and proximate result of the acts and failures to act of Defendants.

39.     That Defendants are liable for direct and proximate result of substantial injuries to Plaintiffs, for which Plaintiffs are entitled to recover compensatory, and special damages, in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION
## VIOLATION OF ARTICLE II SECTION 10
## OF THE NEW MEXICO CONSTITUTION

40. The Plaintiff incorporates by reference the allegations made above as if fully set forth herein.

41. Defendant John Roskos deprived Timothy Lett of his constitutional rights to be free from unreasonable searches and seizures as guaranteed under Article II, Section 10 of the New Mexico Constitution.

42. Defendant John Roskos' actions constitute an unreasonable seizure and use of excessive force, in violation of Timothy Lett's constitutional rights under Article II, Section 10 of the New Mexico Constitution and for which Section 41-4-12 waives immunity.

43. Mr. Timothy Lett suffered damages including but not limited to physical injury, pain, suffering, loss of liberty, embarrassment, and humiliation as a result of Defendant John Roskos.

## SIXTH CAUSE OF ACTION
## TRESPASS

44. The Plaintiff incorporates by reference the allegations made above as if fully set forth herein.

45. Defendant John Roskos failed to identify himself as a police officer when he exited his vehicle at Mr. Lett's home.

46. Defendant John Roskos entered into the private property residence without permission and/or a warrant.

47. Defendant John Roskos did not have probable cause to enter the premises and was made without a warrant.

48. Mr. Timothy Lett suffered damages including but not limited to physical injury, pain, suffering, loss of liberty, embarrassment, and humiliation as a result of Defendant John

Roskos.

## SEVENTH CAUSE OF ACTION
## USE OF EXCESSIVE FORCE

49. The Plaintiff incorporates by reference the allegations made above as if fully set forth herein.

50. Defendant John Roskos failed to identify himself as a police officer and immediately used excessive force by spraying Timothy Lett with pepper spray in the face.

51. Defendant John Roskos trespassed into private property without a warrant and was not in "hot pursuit."

52. Defendant John Roskos used excessive force by grabbing Timothy Lett by the shirt and dragging him backwards, causing Timothy Lett to fall back onto Defendant Officer John Roskos while on private property.

53. Mr. Timothy Lett suffered damages including but not limited to physical injury, pain, suffering, loss of liberty, embarrassment, and humiliation as a result of Defendant John Roskos.

## EIGHTH CAUSE OF ACTION
## FALSE IMPRISONMENT

54. The Plaintiff incorporates by reference the allegations made above as if fully set forth herein.

55. Defendant John Roskos failed to identify himself as a police officer and immediately used excessive force by spraying Timothy Lett with pepper spray in the face and initiated an arrest.

56. Defendant John Roskos trespassed into private property without a warrant and

8

was not in "hot pursuit."

57. Defendant John Roskos grabbed Timothy Lett by the shirt and falsely imprisoned him, by intentionally confining him and/or restrained Mr. Lett without his consent.

58. Defendant John Roskos initiated an arrest and acted with knowledge that he had no lawful authority to do so.

59. Mr. Timothy Lett suffered damages including but not limited to physical injury, pain, suffering, loss of liberty, embarrassment, and humiliation as a result of Plaintiff/Counter-Defendant John Roskos.

## NINTH CAUSE OF ACTION
## NEGLIGENT SUPERVISION AND TRAINING

60. The Plaintiff incorporates by reference the allegations made above as if fully set forth herein.

61. Defendant John Roskos was supervised or trained by the City of Rio Rancho and the City of Rio Rancho Police Department.

62. Defendant City of Rio Rancho owed a duty to Mr. Lett to adequately train and supervise Rio Rancho Police Department officers to properly interact with New Mexico citizens and to perform lawful searches and seizures and arrests with warrants.

63. By failing to provide such training and supervision, Defendant City of Rio Rancho and the City of Rio Rancho Police Department breached their duty to Mr. Lett.

64. Defendant City of Rio Rancho Police Department's failure to adequately train and supervise Defendant John Roskos directly and proximately cause injuries to Mr. Lett.

65. Mr. Timothy Lett suffered damages including but not limited to physical injury, pain, suffering, loss of liberty, embarrassment, and humiliation as a result of Defendant John

Roskos.

## TENTH CAUSE OF ACTION
## RESPONDIAT SUPERIOR

66. The Plaintiff incorporates by reference the allegations made above as if fully set forth herein.

67. At all material times relevant to the allegations made in this Complaint, Defendant John Roskos was an agent and employee of the City of Rio Rancho Police Department and was acting in the scope of his employment and was being supervised by the Rio Rancho Police Department.

68. The Defendant City of Rio Rancho is liable to Mr. Lett under the doctrine of respondeat superior.

69. Sections 41-4-4(a) and 41-4-12 waive the immunity from liability under the doctrine of respondeat superior, for the conduct of Defendant John Roskos.

70. Mr. Timothy Lett suffered damages including but not limited to physical injury, pain, suffering, loss of liberty, embarrassment, and humiliation as a result of Plaintiff/Counter-Defendant John Roskos.

## ELEVENTH CAUSE OF ACTION
## PUNITIVE DAMAGES

71. Plaintiff incorporate herein by reference the foregoing allegations in the above Paragraphs as though the same were set forth in full below.

72. The acts and failures to act of the Defendants, set forth above, were intentional, malicious and with reckless indifference toward Plaintiff.

73. The Defendants knew or should have known that their actions were illegal.

74.     The Plaintiff is entitled to recover punitive damages, from the Defendants in an amount to be proven at trial.

## JURY DEMAND

75.     Plaintiff demands a jury trial of all issues so triable and requests that an advisory jury be empaneled should the court deem it appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that he be granted the following relief pursuant to their complaint:

A.      Award Plaintiff compensatory damages, in an amount to be proven at trial;

B.      Award Plaintiff special damages, in an amount to be proven at trial;

C.      Award Plaintiff punitive damages, from the Defendants in an amount to be proven at trial;

D.      Award Plaintiff pre- and post-judgment interest, as allowed by law;

E.      Award Plaintiff's costs and reasonable attorney's fees incurred in prosecuting this action;

F.      Set this matter for trial by jury.

G.      Grant such other and further relief as the court deems just and proper.

**Respectfully Submitted:**
LAW OFFICE OF
AUGUSTINE M. RODRIGUEZ, L.L.C.,

*/s/Augustine M. Rodriguez*
**AUGUSTINE M. RODRIGUEZ, ESQ.**
P.O. Box 27178
Albuquerque, NM 87125
(505) 332-3173