IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TIMOTHY MAYNARD LETT,

    **Plaintiff,**

    vs.                                                           No. 1:21-CV-476 WJ/JFR

CITY OF RIO RANCHO, ET. AL.,

    **Defendants.**

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION TO ALLOW VENUE TRANSFER OF D-202-**
**CV-2019-03366 FROM SECOND JUDICIAL DISTRICT COURT AND**
**CONSOLIDATION TO THE MATTER 1:21-CV-476**

THIS MATTER comes before the Court upon Plaintiff's Motion to Allow the Venue Transfer of D-202-cv-2019-03366 from the Second Judicial District Court and Consolidation to the Matter 1:21-cv-476, filed on August 3, 2021 **(Doc. 24).** Having reviewed the parties' pleadings and the applicable law, the Court finds that Plaintiff's motion is totally devoid of merit and, therefore, is denied.

### BACKGROUND

Plaintiff Lett ("Lett") alleges violations of his Fourth and Fourteenth Amendment constitutional rights as well as various state law claims brought under the New Mexico Tort Claims Act and the New Mexico Constitution, in connection with a traffic stop which Lett claims resulted in the use of excessive force by Defendant Roskos, a law enforcement officer with the City of Rio Rancho Police Department. (Jt. Status Rep't at 2). Defendant contends that Plaintiff refused to comply with Roskos' directives at a lawful traffic stop and that Lett charged at Roskos and tackled him, breaking Officer Roskos' arm and dislocating his right shoulder. Plaintiff then fled into his home and Officer Roskos called for back up. Plaintiff was later arrested by other law

enforcement officers and was charged with Aggravated Battery on a Peace Officer, Speeding, and Resisting, Evading or Obstructing a Peace Officer. After receiving a grand jury indictment, Plaintiff was convicted after a full jury trial of Aggravated Battery on a Peace Officer, a felony, and misdemeanor speeding. *Id.* at 2-3.

Lett initially filed the lawsuit on June 8, 2020 in the 13th Judicial District Court, Sandoval County and Defendants removed it on May 24, 2021 on the basis of original jurisdiction flowing from Plaintiff's federal constitutional claims (hereinafter, "federal lawsuit"). On April 25, 2019—ten months prior to the time Lett filed his lawsuit—Officer Roskos filed an action in state court in the 2nd Judicial District Court, Bernalillo County, alleging state law claims of negligence, assault and battery (hereinafter, "Roskos' state court case" or D-202-CV-2019-03366).

## DISCUSSION

In this motion, Plaintiff Lett moves to consolidate Roskos' state court case with this federal action on the grounds that the state court action makes claims against Timothy Lett based on the same circumstances alleged in this federal case, and that the state court case can be removed to federal court under Federal Rule of Civil Procedure 42 since both cases share a common nucleus of operative facts.

No procedural mechanism exists that would accommodate Plaintiff's request. The Court is also fairly certain that Plaintiff's counsel would have realized this if he had taken the time to read and study Rule 42 or any of the venue statutes.

**I.      No Consolidation Under Rule 42**

Rule 42 of the Federal Rules of Civil Procedure states: "If actions **before the court** involve a common question of law or fact, the court may . . . consolidate the action." Fed. R. Civ.

Pro. 42(a)(2) (emphasis added).[1]  Thus, Roskos' state court case cannot be consolidated with this federal case under Rule 42, based on the very plain language of the rule.

## II.   No Consolidation Under Venue Statute

Consolidation is also not procedurally allowable under the venue statute, 28 U.S.C. §1404, which states:

> (a) For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to **any other district or division where it might have been brought** or to any district or division to which all parties have consented.
>
> (b) Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district . . . .
>
> (c) A district court may order any civil action to be tried at any place within the division in which it is pending.

28 U.S.C. § 1404(a)-(c).  Section 1404 does not directly apply to state courts, but its language makes clear that the consolidation of a separately filed tort matter into this federal lawsuit, particularly without consent of all parties, is not allowable under the statute.

## III.   No Consolidation with Removal or Pursuant to Supplemental Jurisdiction

Plaintiff makes a vague reference to "removal" and "supplemental jurisdiction," assumably as a means to accomplish the consolidation he seeks but if so, this suggests that Plaintiff's counsel really does not understand how either concept works.

Plaintiff Lett is represented by counsel, who is expected to be familiar with the federal procedural rules if he seeks to invoke this Court's jurisdiction. *United States v. Escamillo*, 178 F. App'x 849 (10th Cir. 2006) (defendant was not entitled to liberal interpretation of his letters

---

[1] Plaintiff relies on the Fed.R.Civ.P. 42, but the state counterpart, Rule 1-042 NMRA, has the same requirement: when actions involving a common question of law or fact are **pending within a judicial district**, the court may order all the actions consolidated.  Rule 1-042 NMRA (emphasis added).

3

where he was represented by counsel when he submitted them); *see also Perry v. Woodward*, 199 F.3d 1126, 1141 n. 13 (10th Cir.1999) (observing that this court "will not craft a party's arguments for him"). If indeed Plaintiff's counsel intended to remove Roskos' state court case, it was his burden to properly undertake the task and to understand whether he could viably do so. *See Primas v. City of Okla. City*, 958 F.2d 1506, 1511 (10th Cir. 1992).

Here, however, Plaintiff's counsel is under the belief that merely stating that a case "can be removed to federal court" dispenses with having to comply with the proper substantive and procedural requirements. *See* Doc. 24 at 1 (stating that "through pendent jurisdiction, [Roskos' state court lawsuit] "can be *removed* to federal court as both cases share a common nucleus of operative facts"). The Court can find no Notice of Removal filed by Lett in relation to Roskos' state court case. Instead, Lett filed a Notice of Filing Petition for Removal" as a defendant in the state court case (*Roskos v. Lett,* D-202-cv-2019-03366, filed August 3, 2021) and then he proceeded to file the instant "motion to allow venue and consolidation" in this entirely separate federal case. Additionally, Plaintiff's counsel offers no basis for federal court jurisdiction. He seems to ignore the fact that Officer Roskos, a citizen of New Mexico as a Rio Rancho law enforcement officer, has asserted only three state tort law claims in that case, which effectively precludes any basis for federal jurisdiction. *See United Ass'n of Journeymen and Apprentices of Plumbing and Pipe Fitting Industry of U.S. and Canada, Local No. 57 v. Bechtel Power Corp.*, 834 F.2d 884, 890 (10th Cir. 1987) (plaintiff is the master of the complaint and can, by eschewing claims based on federal law, choose to have the cause heard in state court) (citing *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 398-99 (1987)).

Finally, because Roskos' state court case has not been—and cannot be—removed to federal court, the supplemental jurisdiction statute does not apply. *See* 28 U.S.C. §1367 (". . . in

any civil action **of which the district courts have original jurisdiction**, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action **within such original jurisdiction** that they form part of the same case or controversy") (emphasis added). This Court has no original jurisdiction over Roskos' state court case, and so Plaintiff cannot invoke §1367.

The Court cannot grant Plaintiff the relief he seeks. It does not help that Plaintiff's counsel has no grasp of the concepts of consolidation, venue, removal or supplemental jurisdiction, but the long and short of it is that none of those procedural mechanisms can work here.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Allow the Venue Transfer of D-202-cv-2019-03366 from the Second Judicial District Court and Consolidation to the Matter 1:21-cv-476 is hereby DENIED for reasons described in this Memorandum Opinion and Order.

WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE