IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

---

**TIMOTHY MAYNARD LETT,**

       **Plaintiff,**

       vs.                                                            **No. 1:21-CV-476 WJ/JFR**

**CITY OF RIO RANCHO and**
**JOHN ROSKOS, Personally and**
**in his official capacity,**

       **Defendants.**

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTIONS FOR JUDGMENT ON THE PLEADINGS (DOCS. 15 AND 33)
## and
## DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION
## OVER STATE LAW CLAIMS

THIS MATTER comes before the Court upon the following:

- Defendant Roskos' Motion for Judgment on the Pleadings on the Basis of Qualified Immunity and Other Grounds, filed October 19, 2021 **(Doc. 33)**; and

- Defendant City of Rio Rancho's Motion for Judgment on the Pleadings as to Federal Claims for Municipal Liability Based on Custom or Policy, Failure to Train and/or Supervise, filed by Defendant City of Rio Rancho on June 29, 2021 **(Doc. 15).**

Having reviewed the parties' written submissions and considering the applicable law, the Court GRANTS Defendant Roskos' Motion (Doc. 33) by dismissing Counts 1 and 3 as requested (but on grounds other than those raised by Defendant Roskos), but with the Court declining to exercise supplemental jurisdiction over Count 8. The Court also dismisses Count 7 (excessive force) *sua sponte* which is asserted against Defendant Roskos for failure to state a claim under Rule 12(b)(6). The Court GRANTS Defendant City of Rio Rancho's motion (Doc. 15) by dismissing Counts 1, 2 and 3 as requested; in addition the Court dismisses Count 9 *sua sponte*

because there are no underlying constitutional claims which Plaintiff can allege. The Court declines to exercise supplemental jurisdiction over the remaining state law claims (Counts 4, 5, 6 and 8) and they are hereby remanded to state court.

## BACKGROUND

Plaintiff Lett ("Lett") alleges violations of his Fourth and Fourteenth Amendment constitutional rights as well as various state law claims brought under the New Mexico Tort Claims Act and the New Mexico Constitution, in connection with a traffic stop which Lett claims resulted in the use of excessive force by Defendant Roskos ("Roskos"), a law enforcement officer with the City of Rio Rancho Police Department ("City").  *See* Jt. Status Rep't at 2.

### I.     Factual Background

Lett alleges the following pertinent facts in his complaint:

- Defendant Officer Roskos was patrolling in an unmarked police unit, which only has a ghost marking (sic) that are not (sic) visible at night;

- Defendant Officer John Roskos failed to identify himself as a police officer and immediately used excessive force by spraying Timothy Lett with pepper spray in the face.

- Defendant Officer John Roskos trespassed onto private property without a warrant and was not in "hot pursuit."

- Defendant Officer John Roskos used excessive force by grabbing Timothy Lett by the shirt and dragging him backwards, choking him and causing Defendant Officer John Roskos to fall while on private property.

Doc. 1-1 (Complaint), ¶¶11-14.

Roskos contends that Lett refused to comply with Roskos' directives at a lawful traffic stop and that Lett charged at and tackled him, breaking Officer Roskos' arm and dislocating his right shoulder. Lett then fled into his home and Roskos called for backup. Lett was later arrested by other law enforcement officers and was charged with Aggravated Battery on a Peace Officer,

Speeding, and Resisting, Evading or Obstructing a Peace Officer. After receiving a grand jury indictment and a full trial on the charges, Lett was convicted of Aggravated Battery on a Peace Officer, a felony, and misdemeanor speeding. *Id.* at 2-3.

Lett initially filed this lawsuit on June 8, 2020 in the Thirteenth Judicial District Court, Sandoval County and Defendants removed it on May 24, 2021 on the basis of original jurisdiction flowing from Lett's federal constitutional claims (hereinafter, "federal lawsuit").[1] The complaint contains nine counts, many of which overlap in theory and in factual allegations:

> Count 1: "42 U.S.C. §1983, Fourth and Fourteenth Amendment (Unreasonable Search and Seizure)";
> Count 2: "42 U.S.C. §1983, Fourteenth Amendment (Deprivation of Liberty)";
> Count 3: "42 U.S.C. §1983, Fourth and Fourteenth Amendment (Due Process)";
> Count 4: "N.M. Tort Claims Act, §41-4-12";[2]
> Count 5: "Violation of Article II Section 10 of the New Mexico Constitution";
> Count 6: "Trespass";
> Count 7: "Use of Excessive Force"
> Count 8: "False Imprisonment";
> Count 9: "Negligent Supervision and Training";

Roskos seeks dismissal of Counts 1, 3 and 8, and the City moves to dismiss Counts 1, 2 and 3.

## II.   Legal Standard

A motion filed under Federal Rule of Civil Procedure 12(c) is evaluated under the same standard applicable to motions filed under Rule 12(b)(6). *See Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012).  In considering the motion, the Court must "accept all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleadings in favor of the same." *Id*. In considering a motion under Rule 12(b)(6), a court must determine whether

---

[1] Ten months before Lett filed this lawsuit, Roskos filed an action in state court in the 2nd Judicial District Court, Bernalillo County, alleging state law claims of negligence, assault and battery. The Court recently denied Lett's motion to consolidate the state court case into this federal case. *See* Doc. 32.

[2] Count 10 asserts a claim for "respondeat superior," which the Court assumes relates to Plaintiff's allegations brought under the Tort Claims Act and so does not include Count 10 as a separately alleged count.

3

the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id*. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 562. Although decided within an antitrust context, *Twombly* stated the pleadings standard for all civil actions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. *Twombly*, 550 U.S. at 555.

Defendant raises a qualified immunity defense, which shields government officials performing discretionary functions from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Once a defendant pleads qualified immunity, the burden shifts to the plaintiff to show both that the defendant's alleged conduct violated the law and that that law was clearly established when the alleged violation occurred. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

Courts may grant a motion to dismiss on the basis of qualified immunity, but "[a]sserting a qualified immunity defense via a Rule 12(b)(6) motion . . . subjects the defendant to a more challenging standard of review than would apply on summary judgment." *Peterson v. Jensen*, 371 F.3d 1199, 1201 (10th Cir. 2004). "[I]t is the defendant's conduct *as alleged in the complaint*

that is scrutinized for objective legal reasonableness." *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996) (emphasis in original) (internal quotation marks omitted).

## DISCUSSION

I.     **Defendant Roskos' Motion (Doc. 33)**

    A.     <u>Application of *Heck* Rule to Counts 1 and 3</u>

The entirety of the complaint rests on Lett's contention that he was arrested without probable cause, in violation of his constitutional rights. What the Court finds critical here is that this arrest led to a jury trial in which Plaintiff was adjudicated guilty by a jury for the crimes of aggravated battery upon a peace officer (a fourth degree felony) and resisting, evading, or obstructing an officer by refusing to stop. These convictions have not been disturbed.

A plaintiff cannot assert a § 1983 claim which, if successful, would necessarily imply the invalidity of a previous conviction or sentence, unless the plaintiff can demonstrate favorable termination of the conviction or sentence. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), *aff'd* 997 F.2d 355 (1993); *Havens v. Johnson*, 783 F.3d 776 (10th Cir. 2015) (rule of *Heck v. Humphrey* barred arrestee's § 1983 excessive force claim against detective). Thus, under the *Heck* doctrine, Lett is definitively barred from arguing that there was no probable cause to arrest in this separate § 1983 action or that Roskos was somehow unable to make an arrest due to crossing the county line. Lett does not dispute his criminal convictions but asserts that he has appealed them. The pending appeal, however, does not affect the current validity of his convictions. *See, e.g., Glaser v. Raemisch*, 668 F. App'x 341 (10th Cir. 2016) (affirming dismissal of §1983 action under *Heck* rule while defendant's conviction was pending on appeal) (citing *Heck,* 512 U.S. at 477) (to recover damages for an unconstitutional conviction or imprisonment a § 1983 plaintiff must prove that the conviction or sentence "has been reversed on

direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus").

Roskos offers exhibits relating to the pertinent allegations and to Lett's conviction history, specifically, the following:

1. On June 9, 2018, Plaintiff Lett refused to stop his vehicle when Officer Roskos attempted to pull him over. *See* Doc. 33-1 (Crimes Charged, Grand Jury Indictment, description of charged conduct; *see* Case NO. D-202-CR-2018-02204, Second Judicial District Court, County of Bernalillo).

2. Plaintiff was arrested by Austin Hertz, a Rio Rancho Police Officer, as a result of Plaintiff's interactions with Officer Roskos. *See* Doc. 33-2 (Pltff's Mot. to Dismiss, ¶9).

3. During Plaintiff's state criminal prosecution, Lett's defense attorney filed a motion to dismiss for lack of jurisdiction and unlawful arrest. In this motion, Lett asserted that Officer Roskos did not have the authority to pursue as Lett crossed county lines. *See* Doc. 33-2.[3]

4. The state court judge denied Plaintiff's Motion to Dismiss for Lack of Jurisdiction and Unlawful Arrest. *See* Doc. 33-3 (Order Denying Motion, Feb. 8, 2019).

5. Plaintiff was convicted of aggravated battery on a peace officer, a 4th degree felony, and resisting, evading, or obstructing an officer for refusal to stop. *See* Doc. 33-4 (Judgment and Sentence, May 21, 2019) and Doc. 33-5 (Verdict Forms, Feb. 13, 2019).

Lett contends that the exhibits introduced by Roskos are outside the pleadings and therefore Roskos' motion must be converted to a summary judgment motion. The Court finds conversion unnecessary since these documents are crucial to Lett's claim, and their authenticity appears to be undisputed. *See GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) (if complaint does not incorporate by reference or attach a document, but the complaint refers to a document that is crucial to the plaintiff's claim, the defendant may file an indisputably authentic copy to the court to be considered on a motion to dismiss); *Jacobsen v. Deseret Book Co.*, 287 F.3d 926, 941-42 (10th Cir. 2002) (finding that courts may consider

---

[3] Lett offers a lapel video (Ex. 2) to show that Roskos "followed him out of the City of Rio Rancho" and then followed Lett home. These purported facts have no relevance to whether Roskos had probable cause to arrest, nor do they have any bearing on the Grand Jury Indictment.

documents referred to in the complaint if the documents are crucial to the plaintiff's claim and authenticity is not in dispute).

Lett's allegations of unlawful search and seizure go to elements which had to be proved at trial in order to bring about a legal conviction and so Lett cannot collaterally attack his still-valid convictions. As a result, Roskos is shielded by qualified immunity on Count 1 (unreasonable seizure) and Count 3 (due process) since there was no constitutional violation or clearly established law to suggest otherwise.[4]

B. Count 8 – False Imprisonment

Roskos moves for dismissal of Count 8, which is a state law claim over which the Court declines to exercise supplemental jurisdiction (*see* discussion below).

C. Dismissal of Count 7 – Excessive Force

Roskos does not specifically seek dismissal of Count 7,[5] but the Court finds that it must be dismissed as a matter of law. Count 7 states in relevant part:

- Defendant John Roskos failed to identify himself as a police office and immediately used excessive force by spraying Timothy Lett with pepper spray in the face.

- Defendant John Roskos trespassed into private property without a warrant and was not in "hot pursuit."

---

[4] Count I is asserted as a claim of "Unreasonable Search and Seizure," but alleges "unlawful and malicious physical abuse" as well as "unreasonable search and seizure" in violation of the Fourth and Fourteenth Amendment, and "cruel and unusual punishment" in violation of the Eighth Amendment. Lett's counsel misapplies both the Fourteenth and Eighth Amendments to Lett's claim related to search and seizure. The Fourteenth Amendment (substantive due process) is appropriate only in cases that are not covered by a specific constitutional provision. *See Roska ex rel. Roska v. Peterson*, 328 F.3d 1230, 1243 (10th Cir. 2003 (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989) (where a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision).

Similarly, Lett's reference to "cruel and unusual punishment" under the Eighth Amendment cannot support a bona fide Eighth Amendment claim as a matter of law because that constitutional provision applies only after conviction. *See Graham,* 490 U.S. at 395 n.10) (after conviction, the Eighth Amendment "serves as the primary source of substantive protection" in cases where the deliberate use of force is challenged as excessive and unjustified); *Whitley v. Albers*, 475 U.S. 312, 327 (1986).

[5] Roskos does, however, contend that the entirety of the complaint may be "dismissed outright" for failure to sufficiently state a claim for relief that is plausible on its face. Doc. 33 at 3.

- Defendant John Roskos used excessive force by grabbing Timothy Lett by the shirt and dragging him backwards, causing Timothy Lett to fall back onto Defendant Officer John Roskos while on private property.

Compl., Doc. 1-1, ¶¶50-53.

Count 7 cannot be treated as a separate claim for excessive force because it is part and parcel of Lett's claim of unlawful arrest: the focal point of Lett's allegations is that the arrest took place on private property and that the officer was not in "hot pursuit." This kind of excessive force claim is "subsumed within an unjustified seizure claim." *Cortez v. McCauley*, 438 F.3d 980, n.38 (10th Cir. 2006) (when an excessive force claim rests solely on an allegation that the force was excessive because the underlying seizure itself was unlawful, the excessive force claim is derivative of the unlawful seizure and does not constitute a separate claim for relief). Count 7 will therefore be dismissed as a matter of law for failure to state a claim under Rule 12(b)(6).

## II.   Defendant City's Motion (Doc. 15)

The City seeks dismissal of Counts 1, 2 and 3.

### A.   Counts 1 and 2

Count 1 of the Complaint alleges unreasonable search and seizure (which the Court has dismissed against Roskos under the *Heck* rule), as well as negligent supervision against the City. In Count 2, Lett alleges that Defendants (both Roskos and the City) violated his due process constitutional rights by a "custom or policy or failure to provide adequate training and supervision" and that this policy was either unconstitutional on its face or as applied.

To plausibly state a claim against the City for municipal liability based on custom or policy, a plaintiff must allege and prove (1) that a municipal employee committed a constitutional violation; and (2) that a municipal custom or policy was the moving force behind

the constitutional violation. *Jiron v. City of Lakewood*, 392 F.3d 410, 419 (10th Cir. 2004); *Moss v. Kopp*, 559 F.3d 1155, 1168 (10th Cir. 2009).

As the City correctly notes, deprivations of an individual's constitutional rights in a municipal liability claim must amount to more than the mere negligence asserted in Count 1 of the complaint. *See Sutton v. Utah State School for Deaf and Blind*, 173 F.3d 1226, 1240 (10th Cir. 1999) (deliberate indifference standard applies to both inadequate training and inadequate supervision claims brought under §1983).  The City also accurately observes that Lett has not presented any specific allegations in Count 2 to allow this Court to draw a reasonable inference that the City is liable for the misconduct alleged.  *See Griego v. City of Albuquerque*, 100 F.Supp.3d 1192, 1213 (D.N.M. 2015) (citing *Martinez v. Winner,* 771 F.3d 424, 443-44 (10th Cir. 1985) (district courts should consider allegations of municipal liability should be considered as "legal conclusions" at the pleading stage which must be supported by facts, rather than conclusorily alleged).

While Counts 1 and 2 may be dismissed on the grounds raised by the City, the Court finds that dismissal is most appropriate applying the *Heck* rule to these claims. A claim against the City cannot stand without an underlying constitutional violation. *See Butler v. City of Prairie Village*, 172 F.3d 736, 747 (10th Cir.1999) (municipal liability may not be imposed on an entity defendant where individual defendants are found to have committed no constitutional violation). Since Lett may not collaterally attack his convictions unless and until they are overturned, he cannot assert constitutional violations as a basis for a municipal liability claim. *Wilson v. Meeks*, 98 F.3d 1247, 1255 (10th Cir.1996) (quotation omitted) ("A municipality may not be held liable where there was no underlying constitutional violation by any of its officers.").  Counts 1 and 2 against the City are dismissed.

B. Count 3

In Count 3, Lett asserts that the City is responsible under a theory of *respondeat superior* for Roskos' acts and failures to act. The City moves to dismiss Count 3 because a municipality cannot be held liable under §1983 for the conduct of one of its employees simply on a theory of *respondeat superior* liability. The City is absolutely correct. There is no wiggle room on this aspect of the law and Lett does not present any contrary legal authority. *See, Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (Supreme Court precedent leaves no doubt that § 1983 does not provide an action for respondeat superior liability) citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)); *Dodds v. Richardson*, 614 F.3d 1185, 1197 (10th Cir. 2010) (Although municipal liability for constitutional violations may exist under § 1983, it cannot be premised on a theory of *respondeat superior*) (quotation omitted).

Count 3 is therefore dismissed because *respondeat superior* is not available as a legal theory to Lett, but it should be clear by now as well that Count 3 must also be dismissed because application of *Heck* rule bars Lett from asserting an underlying constitutional violation on which to premise a municipal liability claim.

C. Count 9: Negligent Supervision and Training

The City does not specifically move for dismissal of Count 9, and it is not at all clear whether it is alleged as a municipal liability claim under §1983 or as a state law claim. To the extent it is alleged under state law, the Court declines to exercise supplemental jurisdiction over the claim (*see* discussion below). To the extent Plaintiff intends to assert this claim under §1983, Count 9 must be dismissed because as explained above, negligence is insufficient to bring claims of inadequate training and supervision under §1983. In addition, application of the *Heck* rule to Plaintiff's underlying claims of constitutional deprivation requires dismissal of Count 9.

### III.  Remaining Claims

With the dismissal of Counts 1, 2, 3, 7 and 9, **Counts 4, 5, 6 and 8 remain pending in this lawsuit (Count 9 also may be pending as a state law claim).**  Because the Court has dismissed all of the federal claims in this lawsuit, it declines to exercise supplemental jurisdiction over these state law claims pursuant to 28 U.S.C. §1367(a). *United States v. Botefuhr*, 309 F.3d 1263, 1273–74 (10th Cir. 2002)); *see also Sawyer v. County of Creek*, 908 F.2d 663, 668 (10th Cir. 1990) ("Because we dismiss the federal causes of action prior to trial, we hold that the state claims should be dismissed for lack of pendent jurisdiction."). Accordingly, these claims are REMANDED to state court.

**IT IS THEREFORE ORDERED** that Roskos' Motion for Judgment on the Pleadings on the Basis of Qualified Immunity and Other Grounds **(Doc. 33)** is hereby GRANTED with respect to Counts 1 and 3, with the Court declining to exercise supplemental jurisdiction over Count 8 and *sua sponte* dismissing Count 7;

**IT IS FURTHER ORDERED** that the City's Motion for Judgment on the Pleadings as to Federal Claims for Municipal Liability Based on Custom or Policy, Failure to Train and/or Supervise **(Doc. 15)** is hereby GRANTED, dismissing Counts 1, 2 and 3 as requested, and the Court dismissing *sua sponte* Count 9, to the extent that Count 9 is alleged as a federal claim;

**IT IS FINALLY ORDERED** that the Court declines to exercise supplemental jurisdiction over the remaining Counts 4, 5, 6, 8 and 9 if it is a state law claim. **THE CLERK OF COURT IS HEREBY INSTRUCTED TO REMAND THESE CLAIMS TO THE THIRTEENTH JUDICIAL DISTRICT COURT, SANDOVAL COUNTY.**

                                                                            _____
                                                                            WILLIAM P. JOHNSON
                                                                            CHIEF UNITED STATES DISTRICT JUDGE